Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001141
30-MAR-2016
08:10 AM

NO. CAAP-14-0001141

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PAYTON RAPOZO, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(S.P.P. NO. 13-1-0002 (CR. NO. 08-1-0252))


MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

Petitioner-Appellant Payton Rapozo (**Rapozo**) appeals from the "Findings of Fact; Conclusions of Law; Order Denying Petitioner's Rule 40, [Hawai'i Rules of Penal Procedure (**HRPP**)], Petition, Filed May 23, 2013," entered on August 29, 2014 in the Circuit Court of the Fifth Circuit[1] (**circuit court**).

On appeal, Rapozo contends the circuit court erred in "failing to afford Rapozo a hearing on his [HRPP] Rule 40 Petition[2] and abused its discretion by ignoring his Motion for

---

[1] The Honorable Randal G.B. Valenciano presided.

[2] Rapozo filed his petition pursuant to HRPP Rule 40, which provides, in pertinent part:

**Rule 40.    POST-CONVICTION PROCEEDING.**

(a) **Proceedings and grounds.**  The post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose, including habeas corpus and coram nobis; provided that the foregoing shall not be construed to limit the availability of remedies in the trial court or on direct appeal.  Said proceeding shall be applicable to judgments of conviction
(continued...)

Appointment of Counsel.  In addition to its procedural errors, the [circuit] court erred in its denial of [Rapozo's] substantive defenses."

**Appointment of Counsel for HRPP Rule 40 Petition**

Rapozo argues that he "was wrongfully denied the assistance of counsel to help him with his [HRPP] Rule 40 Petition.  Had he been granted counsel prior to the denial of his HRPP Rule 40 Petition, his counsel could have provided legal expertise and expounded on the points raised within this after-the-fact appeal . . . ."  Rapozo contends the circuit court denied Rapozo's HRPP Rule 40 Petition without appointing counsel and "failed altogether to even address [Rapozo's] May 23, 2013 Ex Parte Motion for Appointment of Counsel."

The record does not support Rapozo's contention on appeal that the circuit court failed to address Rapozo's Motion for Appointment of Counsel.  The record indicates that the circuit court approved and ordered the appointment of counsel for Rapozo's HRPP Rule 40 Petition.  However, it seems that no attorney was ever provided to Rapozo.  All of the documents Rapozo filed in support of his HRPP Rule 40 Petition were filed on his own behalf.  Respondent-Appellee State of Hawai'i (**State**) concedes on appeal that the circuit court failed to appoint

---

[2](...continued)
and to custody based on judgments of convictions, as follows:

> (1) FROM JUDGMENT.  At any time but not prior to final judgment, any person may seek relief under the procedure set forth in this rule from the judgment of conviction, on the following grounds:

> (i) that the judgment was obtained or sentence imposed in violation of the constitution of the United States or the State of Hawai'i;

> (ii) that the court which rendered the judgment was without jurisdiction over the person or the subject matter;

> (iii) that the sentence is illegal;

> (iv) that there is newly discovered evidence; or

> (v) any ground which is a basis for collateral attack on the judgment.

counsel for Rapozo's HRPP Rule 40 Petition and notes in its answering brief that "the State does not object to a remand of the instant case with instructions to appoint counsel to supplement [Rapozo's] original [HRPP] Rule 40 Petition." The State argues that the circuit court's error in failing to appoint counsel for Rapozo was harmless "because [Rapozo's] appellate counsel does not raise anything on appeal that [Rapozo] did not raise himself in his [HRPP] Rule 40 Petition."

We disagree with the State's position that the circuit court's error was harmless. Rapozo contends his trial counsel failed "to properly advise [Rapozo] of his right to raise certain defenses at trial." Specifically, Rapozo alleged in his HRPP Rule 40 Petition that his trial counsel told Rapozo the law in Hawai'i on self-defense and defense of others where lethal force is used requires that "lethal force must first be used against [a defendant]." Rapozo alleges that when he pled guilty, he relied on his attorney's erroneous statement of law and did not understand the defenses available to him. The assistance of counsel for his HRPP Rule 40 Petition would have helped Rapozo identify the specific errors or omissions by his trial counsel and the facts in his case that could have established a potentially meritorious defense at trial. See State v. Silva, 75 Haw. 419, 440, 864 P.2d 583, 593 (1993) ("The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." (brackets omitted)) (quoting State v. Aplaca, 74 Haw. 54, 66-67 837 P.2d 1298, 1305 (1992)).

We hold that the circuit court erred in its failure to provide Rapozo with counsel once it approved his Motion for the Appointment of Counsel on his HRPP Rule 40 Petition. Because we vacate the circuit court's decision and remand this case for further proceedings, we do not address Rapozo's other arguments on appeal.

Therefore, the "Findings of Fact; Conclusions of Law; Order Denying Petitioner's Rule 40, HRPP, Petition" entered on August 29, 2014 in the Circuit Court of the Fifth Circuit is vacated and this case is remanded for proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawai'i, March 30, 2016.

On the briefs:

Gregory H. Meyers
(De Costa Hempey Meyers)
for Petitioner-Appellant.

Sinclair Salas-Ferguson
Deputy Prosecuting Attorney
County of Kaua'i
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge